UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNEAST PIPELINE CO., LLC,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:18-282 |
| v. | : | (MANNION, D.J.) |
| **A PERMANENT EASEMENT OF 0.11 ACRE AND A TEMPORARY EASEMENT OF 0.07 ACRE +/- IN PLAINS TOWNSHIP, LUZERNE COUNTY, PENNSYLVANIA, TAX PARCEL No. 50-F10S2-001-14A-000,** *et al.* | : : : : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is a motion for partial summary judgment filed by the plaintiff, PennEast Pipeline Company, LLC. (Doc. 49). For the reasons set forth below, the motion will be **GRANTED**.

### I.  BACKGROUND

Pending before this court is an action in eminent domain over rights of way to a permanent easement of 0.11 acre ± and a temporary easement of 0.07 acre ± in Plains Township, Luzerne County. (Doc. 1; Doc. 2).

On September 24, 2015, PennEast Pipeline Company, LLC (PennEast) filed an application pursuant to section 7(c) of the Natural Gas Act, 15 U.S.C. §717f(c), and parts 157 and 284 of the Federal Energy Regulatory Commission's (FERC) regulations to obtain a certificate of public convenience and necessity for its project "to construct and operate a new 116-mile natural gas pipeline from Luzerne County, Pennsylvania to Mercer County, New Jersey." (Doc. 1-2, at 2).

On January 13, 2015, FERC staff issued a Notice of Intent to prepare an Environmental Impact Statement (EIS) for the PennEast Project, which was published in the *Federal Register* on February 3, 2015, and mailed to more than 4,300 interested parties including potentially affected landowners. (Doc. 1-2, at 36). In response, more than 6,000 letters were filed with FERC providing comments about the project. (Doc. 1-2, at 36). A draft EIS was published and mailed to interested parties on July 29, 2016, after which a forty-five-day public comment period commenced. FERC also held six public comment sessions. (Doc. 1-2, at 37). A total of 420 verbal comments and 4,169 comment letters were filed in response to the draft EIS. *Id*.

On November 4, 2016, FERC sent a letter to landowners regarding thirty-three route modifications and opened an additional thirty-day comment period. (Doc. 1-2, at 37). Comments were reviewed by FERC staff for substantive concerns, whereupon FERC issued its final EIS to the same

parties with the draft EIS on April 7, 2017. (Doc. 1-2, at 37). On January 19, 2018, FERC granted PennEast a certificate of public convenience and necessity to construct and operate a new pipeline. (Doc. 1-2, at 2).

On February 6, 2018, PennEast filed a Complaint in Eminent Domain against defendants pursuant to the Natural Gas Act, 15 U.S.C. §717f(h) and Fed.R.Civ.P. 71.1. To construct and operate its FERC-approved pipeline, PennEast needs to obtain the rights of way as depicted in Exhibit A, attached to the Complaint. (Doc. 1-1).

On November 24, 2020, PennEast filed the present motion for partial summary judgment, (Doc. 49), and a corresponding brief in support, (Doc. 50). On December 21, 2020, defendant-landowner Robert J. Kaiser filed a brief in opposition. (Doc. 53). On December 31, 2020, PennEast filed a reply brief. (Doc. 54).

II. **STANDARD OF REVIEW**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). At the summary judgment stage, "the judge's

function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

    To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Federal Rule of Civil Procedure 56 mandates the entry of summary judgment because such a

failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

### III.     DISCUSSION

The Natural Gas Act provides that a private company may exercise the federal power of eminent domain granted by the Fifth Amendment where it meets three requirements:

> (1) FERC must issue the party a certificate of public convenience and necessity;
> (2) The party must not be able to acquire the necessary right-of-way to construct, operate, and maintain a FERC-approved pipeline through agreement with the landowner(s); and
> (3) The value of the property claimed by the landowner exceeds $3,000.

*See* 15 U.S.C. §717f(h); *Transcontinental Gas Pipe Line Company, LLC v. Permanent Easement for 2.14 Acres*, No. 17-715, 2017 WL 3624250, at *2 (E.D.Pa. Aug. 23, 2017), *aff'd*, 907 F.3d 725 (3d Cir. 2018). Where there is no material dispute as to the three Natural Gas Act requirements, partial summary judgment in favor of the party seeking condemnation is appropriate. *See* 15 U.S.C. §717f(h); *see also Transcontinental*, 2017 WL 3624250, at *6 (entering summary judgment on party's power of eminent domain is appropriate when there is no dispute as to these three material facts).

5

Here, neither party contests that PennEast has been unable to acquire this disputed parcel of land by contract with the owner and that the value of the property in question is claimed to exceed $3,000. Therefore, if FERC issued PennEast a valid certificate of public convenience and necessity, PennEast may exercise the federal power of eminent domain.

No party contests that FERC issued PennEast a certificate of public convenience and necessity in January 2018. (Doc. 50; Doc. 53). On its face, that certificate seems to authorize PennEast's power of eminent domain over private property for public use. However, in his brief in opposition, Kaiser argues genuine issues of material fact exist as to whether: (1) PennEast's project satisfies the "public use" standard required by the Natural Gas Act; (2) PennEast's proposed taking is excessive in violation of his constitutional rights; (3) PennEast actually attempted good faith negotiations; and (4) PennEast seeks impermissible "quick-take" condemnation power through the pending motion for partial summary judgment.

*A. Kaiser's Collateral Attacks on FERC Certificate Validity Do Not Fall Within this Court's Jurisdiction.*

Here, Kaiser collaterally attacks the validity of the FERC Certificate in two ways. First, he claims PennEast's project fails to satisfy a public use

standard; and second, he claims PennEast's project is "excessive" in violation of his constitutional rights. (Doc. 53).

Kaiser argues that because PennEast is a private company, its condemnation of private property turns on genuine issues of material fact regarding whether the project meets the "public use" standard required by the Natural Gas Act. Kaiser further contends that "the FERC hastily determined that the [PennEast] Project will serve a 'public use.'" *Id.* To support his contention, Kaiser cites a Pennsylvania Supreme Court case which emphasizes that "a taking will be seen as having a public purpose only where the public is to be the primary and paramount beneficiary of its exercise." *In re Bruce Ave.*, 438 Pa. 498 (Pa. 1970).

However, *In re Bruce* does not concern the specific eminent domain issue before this court: the condemnation power Congress expressly grants to private companies through the Natural Gas Act. Moreover, Kaiser's argument ignores the deferential standard of review a district court must apply in assessing the validity of a FERC certificate of public convenience and necessity. *Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Twp., York Cty., Pa., Located on Tax ID #£440002800150000000 Owned by Brown*, 768 F.3d 300, 313 (3d Cir. 2014) ("It is well established that an agency's interpretation need not be the only possible reading of a regulation—or even the best one—to prevail. When an agency interprets its

7

own regulation, the Court, as a general rule, defers to it unless that interpretation is plainly erroneous or inconsistent with the regulation.") (internal citations and quotation marks omitted); *PennEast Pipeline Company, LLC v. Permanent Easement of 0.06 Acres*, No. CV 18-505, 2019 WL 4447981, at *7 (E.D.Pa. Sept. 17, 2019) ("[T]his Court lacks the jurisdiction to address any sort of attack on the FERC order itself, constitutional or otherwise.") Indeed, "a certificate of public convenience and necessity gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement." *Columbia*, 768 F.3d at 304. Kaiser's argument fails to account for both the automatic nature of a FERC certificate's grant of condemnation authority to a certificate-holder and the lack of jurisdiction a federal court has to review attacks on a FERC certificate. This court cannot, as Kaiser suggests, conduct a factual inquiry into the validity of the FERC's finding regarding public convenience and necessity.

> [T]he court does not have the jurisdiction to review a collateral attack on the FERC certificate. When a property owner comes to federal court to challenge FERC's findings in the certificate of public convenience and necessity, the property owner thereby mounts what in essence is a collateral attack on that certificate. District courts have limited jurisdiction in Natural Gas Act condemnation actions. This court's role is mere enforcement.

*Transcon. Gas Pipe Line Co., LLC v. Certain Easements & Rights of Way Necessary to Construct, Operate & Maintain a 30' Nat. Gas Transmission Pipeline, in Northmoreland Twp., Wyoming Cnty., Pennsylvania*, 359 F.Supp.3d 257, 266-67 (M.D.Pa. 2019) (internal citations and quotation marks omitted).

For the same reasons, the FERC-authorized condemnation in this case cannot be reviewed by this court insofar as Kaiser's claim that such condemnation is "excessive" in violation of his constitutional rights. Allowing such attacks on the validity of the FERC Certificate in light of the extensive review process conducted by FERC would be antithetical to the goals of the Natural Gas Act.

Because such collateral attacks are not within this court's jurisdiction, they do not undermine the FERC certificate validity.

> *B. Good Faith is Not a Prerequisite for Condemnations Under the Natural Gas Act.*

Kaiser also argues that because PennEast failed to engage in good faith attempts to reach an agreement, the condemnation is invalid under the Natural Gas Act. (Doc. 53). While Kaiser points to precedent from the Eastern District of Louisiana and the Western District of New York which require a condemnor to engage in good faith negotiations with a landowner,

9

such precedent is not binding on this court. Though the Third Circuit has yet to take a stance on the issue, courts in this District and our sister courts in the Eastern and Western Districts have so far refused to read a good faith requirement into the Natural Gas Act. *Transcontinental*, 2017 WL 3485755, at *3. Specifically, this court previously held "the plain language of the [Natural Gas Act] does not impose an obligation on a holder of a FERC certificate to negotiate in good faith before acquiring land by exercise of eminent domain." *Id*.

Because good faith is not a prerequisite for condemnations under the Natural Gas Act, Kaiser's good faith argument neither undermines the FERC certificate's validity nor raises a genuine issue of material fact.

*C. PennEast's Motion for Partial Summary Judgment Does Not Amount to an Impermissible Quick Take Condemnation.*

Kaiser argues that PennEast seeks impermissible "quick-take" condemnation power in its motion for partial summary judgment. Kaiser further argues that granting PennEast's motion would run afoul of separation of powers because "it is the legislative branch of government, not the judicial branch of government, that is authorized to grant the power of eminent domain." (Doc. 53, at 11) (*citing Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585-89 (1952)). The Natural Gas Act authorizes private

companies' power to condemn property by eminent domain through standard eminent domain power; it does not permit "quick take" condemnations which result in immediate possession. *Transcontinental Gas Pipe Line Company, LLC v. Permanent Easements for 2.14 Acres and Temporary Easements for 3.59 Acres in Conestoga Twp., Lancaster Cnty., Pa.*, 907 F.3d 725, 728-29 (3d Cir. 2018).

Procedurally, quick take condemnation differs from standard condemnation. In a quick take condemnation, the government files a "declaration of taking" stating authority for condemnation and public use, as well as an estimate of compensation; title vests automatically upon submitting a deposit of the estimated compensation. 40 U.S.C. §3114; *Transcontinental*, 907 F.3d at 734. In a standard condemnation, title does not automatically vest in the condemnor; instead, title passes only after a final judgment and determination of just compensation as set forth in Fed.R.Civ.P. 71.1. 40 U.S.C. §3113.

Here, PennEast followed standard condemnation procedure. Rather than issuing a declaration of taking, PennEast filed a condemnation complaint pursuant to Rule 71.1. *See* Doc. 1. PennEast now seeks to establish its substantive right to the property by moving for summary judgment in line with the standard condemnation procedure set forth in Fed.R.Civ.P. 71.1. Additionally, PennEast did not file a declaration of taking

11

with an estimate of compensation and title to the parcel did not automatically vest to PennEast, refuting Kaiser's claim that PennEast's condemnation was a "quick take." Moreover, unlike in a "quick take" action, here, both PennEast and Kaiser had opportunities to brief the summary judgment motion prior to judgment awarding title. *Transcontinental*, 907 F.3d at 734.

Because PennEast followed standard condemnation procedure, Kaiser's quick take argument does not undermine the FERC certificate's validity.

Relatedly, the court rejects Kaiser's argument that the present motion is premature since petitions for review of the FERC Order are still pending and certain entities have yet to issue the necessary approvals or permits required to complete the project. This argument ignores the fact that "a certificate of public convenience and necessity gives its holder the ability to obtain *automatically* the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement." *Columbia*, 768 F.3d at 304 (emphasis added). This court previously rejected the argument that the conditions of the FERC certificate must be entirely met before any taking can occur:

> If the FERC certificate was to be interpreted as requested by [Kaiser], no entry onto private property could take place before all pre-conditions were met, and yet, many of the pre-conditions cannot be met without access to the property. This contorted

12

> reasoning would make the FERC certificate nothing more than a meaningless piece of paper. Said another way, such action would effectively preclude PennEast from ever being able to submit a completed application [for permits]. Since [permits are] a condition of the FERC certification that must be met prior to receiving authorization to begin construction of the pipeline, without access to the [Kaiser] property, PennEast will never be able to fulfill the necessary preconditions and receive those approvals. Such a result would make a mockery of the process.

*PennEast Pipeline Co., LLC v. A Permanent Easement of 0.60 Acre ± & A Temp. Easement of 0.60 Acre ± in Towamensing Twp., Carbon Cty., Pennsylvania*, No. CV 3:18-281, 2018 WL 6304192, at *4 (M.D.Pa. Dec. 3, 2018). For the same reason, Kaiser's premature argument fails here.

## IV. CONCLUSION

For the foregoing reasons, Kaiser's objections to PennEast's motion for summary judgment do not undermine the FERC certificate of public necessity. Because the FERC certificate is valid, all three elements required for condemnation under the Natural Gas Act are satisfied and, as a matter of law, PennEast has "the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement." *Columbia*, 768 F.3d at 304.

Thus, PennEast's partial summary judgment motion will be **GRANTED** and the case will proceed to a determination of just compensation to be set by separate order.

> *s/ Malachy E. Mannion*
> **MALACHY E. MANNION**
> **United States District Judge**

**DATE: August 4, 2021**
18-282-01