UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNEAST PIPELINE CO., LLC,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:18-282 |
| v. | : | (MANNION, D.J.) |
| **A PERMANENT EASEMENT OF 0.11 ACRE AND A TEMPORARY EASEMENT OF 0.07 ACRE +/- IN PLAINS TOWNSHIP, LUZERNE COUNTY, PENNSYLVANIA, TAX PARCEL No. 50-F10S2-001-14A-000,** *et al.* | : : : : | |
| **Defendants** | : | |

# ORDER

In accordance with the court's memorandum issued this same day, **IT IS HEREBY ORDERED THAT:**

**(1)** PennEast's motion for partial summary judgment, (Doc. 49), is **GRANTED** and **JUDGMENT IS ENTERED** in favor of PennEast as follows:

   **a.** PennEast has the right and authority to condemn the following Rights of Way on the subject property (identified in the Verified Complaint by Luzerne County Tax Parcel No. 50-F10S2-001-14A-000) for the construction, operation, and maintenance of an interstate natural gas transmission pipeline and related appurtenances, together with rights of ingress and egress, as approved by the Order

of the FERC, dated January 19, 2018, Docket No. CP15-558-000, granting PennEast a Certificate of Public Convenience and Necessity (the "FERC Order"):

    i. A permanent right of way and easement of 0.11 acre ± as depicted on Exhibit A to the motion for partial summary judgment (Doc. 49-1, at 5) for the purpose of constructing, operating, maintaining, repairing, changing the size of, replacing and removing a 36-inch diameter pipeline and all related equipment and appurtenances thereto as approved by FERC (including but not limited to meters, fittings, tie-overs, valves, cathodic protection equipment and launchers and receivers) for the transportation of natural gas; and conducting all other activities as approved by the FERC Order; together with all rights and benefits necessary for the full enjoyment and use of the right of way and easement. Further, Defendants shall not excavate, change the grade of or place any water impoundments or structures on the right of way and easement without the written consent of Plaintiff, nor may Defendants plant any trees, including trees considered as a growing crop, on the permanent right of way and easement; or use said permanent right of way or any part thereof in such a way as to interfere with Plaintiff's immediate and unimpeded access to said permanent right of way, or otherwise interfere with Plaintiff's lawful exercise of any of the rights herein granted without first having obtained Plaintiff's approval in writing; and Defendants will not permit others to do any of

said acts without first having obtained Plaintiff's approval in writing. Plaintiff shall have the right from time to time at no additional cost to Defendants to cut and remove all trees including trees considered as a growing crop, all undergrowth and any other obstructions that may injure, endanger or interfere with the construction and use of said pipeline and all related equipment and appurtenances thereto;

ii. A temporary workspace easement totaling 0.07 acre ± as depicted on Exhibit A for use during the pipeline construction and restoration period for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the FERC Order; and

iii. The Rights of Way shall include permanent rights of ingress to and egress from the Permanent Right of Way.

**(2)** By separate order, the court will schedule a hearing for the determination of the amount of just compensation.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 4, 2021**
18-282-01-ORDER